## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CHINH VIET NGUYEN,**

Petitioner,

vs.                                                                Civ. No. 06-996 WJ/ACT

**BRICK TRIPP,**

Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court pursuant to 28 U.S.C. § 2241.  Petitioner ("Nguyen")
filed a "Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 2241" ("Petition") on October
13, 2006.  Docket No. 1.  On December 5, 2006, Respondent filed the "Government's Motion to
Dismiss for Lack of Ripeness Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Filed
on October 13, 2006." [Docket No. 8.] On January 29, 2007, the District Judge referred this matter
for proposed findings and recommended disposition, and hearing if necessary.  Docket No. 9.  Having
reviewed the pleadings and relevant law, and being otherwise fully advised, the Court finds that
Respondent's Motion to Dismiss should be denied.

## PROPOSED FINDINGS

Factual and procedural background.

1.        Respondent asserts that Nguyen came into custody by Immigration and Customs
Enforcement ("ICE") for removal on September 1, 2006.  Nguyen asserts that he "was first taken into
BICE/INS/DHS Detention & Removal Facility in Albuquerque, New Mexico on or about May of

1998, and has remained in BICE/INS/DHS custody continuously since that date." Petition at 2.

2.    Nguyen is presently incarcerated at the Regional Correctional Center in Albuquerque New Mexico which is within the jurisdiction of the U.S. District Court for the District of New Mexico.

Legal Analysis.

3.    *Zadvydas v. Davis*, 533 U.S. 678 (2001) allows the district court to consider a challenge to continued detention. In that decision, however, the Supreme Court determined that the presumptive period during which the detention of an alien is reasonably necessary to effect his removal is six months. *Id*. at 701. Thus, an alien can make a claim only after he had been detained for six months.

4.    The relevant statute states that:

The beginning of the removal period is defined as the latest of the following:
(1) The date the order of removal becomes administratively final.
(2) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(3) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231 (a)(1)(B).

5.    Thus, "[f]or a criminal alien, the relevant date is when he is released from his incarceration and transferred to the custody of ICE." *Jean-Henriquez v. Department of Homeland Security*, 2006 WL 1687853 at *4, footnote 5 (N.D. Fla. 2006).

6.    As stated above,  Respondent asserts that Nguyen's has been in custody of ICE for less than six (6) months. Nguyen's Petition states he has been in custody since 1998. As Respondent has provided no evidence of the relevant date supporting his Motion to Dismiss, the Court will recommend that Respondent's Motion to Dismiss be denied.

## RECOMMENDED DISPOSITION

I recommend that the "Government's Motion to Dismiss for Lack of Ripeness Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 8.] Filed on October 13, 2006" be denied.

Timely objections to the forgoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these Proposed Findings and Recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and Recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and Recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**