IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHINH VIET NGUYEN,**

       Petitioner,

vs.                                                   Civ. No. 06-996 WJ/ACT

**BRICK TRIPP,**

       Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on "Petitioner's ("Nguyen")Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 2241" ("Petition") filed on October 13, 2006.[1] [Docket No. 1.] On December 5, 2006, Respondent filed the "Government's Motion to Dismiss for Lack of Ripeness Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Filed on October 13, 2006" ("Respondent's Motion to Dismiss"). [Docket No. 8.] On January 29, 2007, the District Judge referred this matter for proposed findings, recommended disposition, and a hearing, if necessary. [Docket No. 9.] On January 30, 2007, the Magistrate Judge assigned to this matter filed the Proposed Findings and Recommended Disposition. [Docket No. 10.] On February 2, 2007 Respondent filed "Government's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition filed on January 30, 2007" ("Respondent's Objections"). [Docket No. 12]. Having reviewed the pleadings and relevant law, and being otherwise fully advised, the Court find that Respondent's objections will be overruled and the proposed findings and recommended

---

[1] Habeas corpus proceedings pursuant to "§ 2241 remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

1

disposition of the United States Magistrate Judge [Docket No. 10] will be adopted.

Background.

Respondent asserts that Nguyen came into custody by Immigration and Customs Enforcement ("ICE") for removal on September 1, 2006. Nguyen asserts that he "was first taken into BICE/INS/DHS Detention & Removal Facility in Albuquerque, New Mexico on or about May of 1998, and has remained in BICE/INS/DHS custody continuously since that date." Petition at 2.

In Respondent's Objections, Respondent attached documents concerning Nguyen's custody status. The documents demonstrate that Nguyen was initially booked into custody on October 1, 1998 and released on September 15, 1999 and placed on terms of supervised release. Respondent's Objections, Exh. 1. The documents also demonstrate that Nguyen was detained a second time on August 28, 2002 and released May 7, 2003, and again placed on terms of supervised release. *Id.* Finally, the documents demonstrate that Nguyen was detained a third time on September 1, 2006 and remains in custody. *Id.*

Nguyen is presently incarcerated at the Regional Correctional Center in Albuquerque, New Mexico which is within the jurisdiction of the U.S. District Court for the District of New Mexico.

Legal standard.

Respondent asserts that the court has no jurisdiction because the issue in Nguyen's Petition is not ripe. The question of ripeness is treated as a motion under Rule 12(b)(1), "lack of jurisdiction over the subject matter." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) ("The question of ripeness, like other challenges to a court's subject matter jurisdiction, is treated as a motion under Rule 12(b)(1).") (citations omitted). In determining whether a case is ripe for review the Court determines "whether the case involves uncertain or contingent future events

that may not occur as anticipated, or indeed may not occur at all." *Id.*   Thus, if Nguyen's Petition is premature, as Respondent asserts, it must be dismissed for lack of jurisdiction.

Legal Analysis.

*Zadvydas* allows the district court to consider a challenge to continued detention. *Zadvydas,* 533 U.S. at 678. In that decision, however, the Supreme Court determined that the presumptive period during which the detention of an alien is reasonably necessary to effect his removal is six months. *Id*. at 701.   Thus, an alien can make a claim of unreasonable detention only after he had been detained for six months.   The Supreme Court also explained in *Zadvydas* that the six-month presumption does not mean that after six months all aliens would be released.   If an alien is held beyond the presumptively reasonable six-month period the alien must also show "there is no significant likelihood of removal in the foreseeable future." *Id.*  Only then does the burden shift to the government. *Id.*

In Respondent's Motion to Dismiss, Respondent asserted that Nguyen had been in custody of ICE for less than six (6) months.   However, Respondent did not provide any documents or evidence of the relevant date supporting his Motion to Dismiss.  Nguyen's Petition asserts he had been in custody since 1998.

> The beginning of the removal period is defined as the latest of the following:
> (1) The date the order of removal becomes administratively final.
> (2) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (3) If the alien is detained or confined, (except for under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231 (a)(1)(B).  Respondent asserts that subpart (3) is the relevant time.  However, there is no evidence in the record as to when Nguyen was "released from detention or confinement."

Respondent merely asserts that Nguyen came into custody for purposes of removal on September 1, 2006. This date is not relevant for determining when the removal period begins to run. *Jean-Henriquez v. Department of Homeland Security*, 2006 WL 1687853 at *4, footnote 5 (N.D. Fla. 2006) ("For a criminal alien, the relevant date is when he is released from incarceration and transferred to the custody of ICE.") The only relevant date as to 8 U.S.C. § 1231 (a)(1)(B) is Nguyen's final order of removal in 1998. Clearly, this date is past the presumptively six month rule.

**IT IS THEREFORE ORDERED** that the proposed findings and recommended disposition of the United States Magistrate Judge [Docket No. 10] is adopted and Respondent's Motion to Dismiss for [Docket No. 8] is denied.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Court hereby appoints the Federal Public Defender to represent the Petitioner, Chinh Viet Nguyen.

**FINALLY, IT IS ORDERED** that pursuant to the Order of Reference filed January 29, 2007, the Magistrate Judge assigned to this matter will enter an order directing the Respondent to show cause as to why the Petitioner, Chinh Viet Nguyen, should not be released, and make a recommended disposition on this matter.

_____
**WILLIAM P. JOHNSON**
**UNITED STATES DISTRICT JUDGE**